CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 28 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DEAN BREZACK, T/A ABN STUDY PARTNER,  ) <br> ) <br> Plaintiff,  ) <br> v.  ) <br> ) <br> SHPOONKLE LLC, SHPOONKLE CLE LLC, ROBERT G. NIZNIK, DANI MORGAN, JOHN DOE #1 AND JANE DOE, AND JOHN DOE #2,  ) <br> ) <br> Defendants.  ) | Civil Action No: 5:12-CV-0007-MFU |

## JOINT STIPULATION AND PROTECTIVE ORDER

Plaintiff Dean Brezack, T/A ABN Study Partner and Defendants Shpoonkle LLC, Shpoonkle CLE LLC, Robert G. Niznik, and Dani Morgan (sometimes each referred to hereinafter as a "party" and sometimes collectively referred to hereinafter as the "parties"), through their respective counsel, hereby stipulate to the entry of this Protective Order (sometimes referred to hereinafter as the "Order") containing the following terms and conditions:

I.    **Classes of Protected Information.**

(a)   **Confidential** - non-public confidential financial, technical, or commercial information that is contained or disclosed in any materials governed by this Order and designated by a producing party or person in accordance with the procedures set forth in section II of this Order.

(b)   **Attorney's Eyes Only** - Confidential information as defined above in paragraph I(a), the disclosure of which to personnel of another party could reasonably be anticipated to cause substantial and irreparable injury to the business of the producing or designating party or

person. Attorney's Eyes Only information may include information such as trade secrets, marketing, financial, service or strategic plans, current market analysis, customer information and technical data information that is contained or disclosed in any materials governed by this Order and designated in good faith by a producing party or person in accordance with the procedures set forth in section II of this Order.

(c) Except as specifically authorized by the Court, Confidential or Attorney's Eyes Only information shall not be disclosed or revealed to anyone not authorized by this Order to receive such material and shall be used only for the purpose of preparing for or conducting this litigation.

(d) Nothing in this Order shall be construed as finding that any designated Confidential or Attorney's Eyes Only information actually constitutes or contains proprietary or confidential information or trade secrets. For purposes of this Order, Confidential or Attorney's Eyes Only information shall not include information or material that:

(i) was, is, or becomes public knowledge in a manner other than by violation of this Order;

(ii) is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(iii) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

(e) Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error.

## II. Confidential Designation

To designate any information as Confidential or Attorney's Eyes Only, under this Order:

(a) In the case of documents and other tangible things, the party or non-party making such designation (the "Designating Party") shall mark such matters "CONFIDENTIAL," or "ATTORNEY'S EYES ONLY" at or prior to the time of production and in a manner so as not to interfere with the legibility of the documents. Where information is produced in any medium where the designation cannot reasonably be made directly on the item, the container containing the information may be marked with an appropriate confidentiality designation.

(b) In the case of depositions, counsel for the Designating Party shall state on the record that the deposition or a specified portion thereof involves the Designating Party's Confidential, or Attorney's Eyes Only information, or so advise all counsel within 15 days of receipt of the transcript. During this 15-day period, all deposition transcripts and the information contained therein, including any attachments or exhibits, shall be deemed Attorney's Eyes Only. Counsel for the Designating Party shall have the right to exclude from any deposition any person who is not authorized by this Order to receive the designated protected information, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving or relating to such designated protected information.

(c) In the case of information produced by a third party through formal discovery which contains confidential information of a party, such information shall be considered and treated as Attorney's Eyes Only information for ten days after receipt by all counsel. Within ten days after receipt, counsel may designate the information Confidential, or Attorney's Eyes Only and so advise all counsel. Any information for which such a designation is not made and communicated to all counsel within the ten-day period, shall not be considered protected

information hereunder. Information designated as protected information under this section shall not be considered to have been acquired independently from a source other than the party making the designation for purposes of section I above.

(d) Any inadvertent disclosure without appropriate designation shall not be deemed a waiver in whole or in part of a claim for confidential treatment and shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error.

### III. Disclosure to Designated Persons

(a) Reference to "outside counsel" as used in this Protective Order shall mean counsel of record for any party in this litigation that is not a party, an employee of a party, or an agent of the party for purposes other than counsel of record for this litigation.

(b) No information designated as Confidential shall be disclosed in any manner to anyone other than the following categories of persons:

> i. Outside counsel of record for any party in this litigation, and counsel's partners, associates, legal assistants and employees;
>
> ii. Experts and consultants (including translators) employed by any party hereto or by its legal counsel, provided that such persons agree to be bound by the provisions of this Protective Order and have executed the Acknowledgment and Agreement in the form attached hereto as Exhibit A;
>
> iii. Parties and their employees where deemed necessary in good faith by counsel to assist in the prosecution or defense of this action, provided that such persons agree to be bound by the provisions of this Protective Order and have executed the Acknowledgment and Agreement in the form attached hereto as Exhibit A;
>
> iv. Court officials (including court reporters and persons operating video recording equipment at depositions), provided that such information filed or disclosed in pleadings shall be filed under seal pursuant to Section V;
>
> v. Any person who appears from the face of the document to have previously received it, for example as an addressee or copyee, or who reasonably would have been expected to have had access to it (for example, in the case of a company's financial records, those accountants or officers of the company who would have had access to it at or after the time the document was created); and

    vi. Any other person(s) as to whom the Parties mutually agree in writing or on the record in a deposition prior to disclosure.

 (c) No information designated as Attorney's Eyes Only shall be disclosed in any manner to anyone other than the following categories of persons:

    i. Outside counsel of record for any party in this litigation, and counsel's partners, associates, legal assistants and employees;

    ii. Experts not affiliated with the parties, employed by any party hereto or by its legal counsel, and translators not affiliated with the parties, employed by any party hereto or by its legal counsel, provided that such persons agree to be bound by the provisions of this Protective Order and have executed the Acknowledgment and Agreement in the form attached hereto as Exhibit A;

    iii. Court officials (including court reporters and persons operating video equipment at depositions), provided that such information filed or disclosed in pleadings shall be filed under seal pursuant to Section V;

    iv. Any person who appears from the face of the document to have previously received it, for example as an addressee or copyee, or who reasonably would have been expected to have had access to it (for example, in the case of a company's financial records, those accountants or officers of the company who would have had access to it at or after the time the document was created); and

    v. Any other person(s) as to whom the Parties mutually agree in writing prior to disclosure.

 (d) Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all protected information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**IV. Handling of Protected Information.**

 Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of this Litigation. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality

of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

## V. Filing Material With the Court.

Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed with the Court under seal, pursuant to Local Rule 5.

## VI. Challenges to Designations of Information as Protected.

If the parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party. If the parties are unable to resolve their differences, the party challenging the designation may make a motion before the Court seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time.

The party designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected. Maintenance of the protected status of any Confidential or Attorneys Eyes Only documents, things, or information shall in all cases be subject to further order of the Court. Nothing herein shall preclude any party upon proper notice to all other parties from applying to the Court for any modification of this Protective Order, or moving the Court for an order changing the status of any particular designated information or document, or relieving a party from the restrictions

contained in this Protective Order, or from applying to the Court for further or additional protective orders. In any such application or motion, the party seeking to restrict the use or dissemination of any documents, things, or information under the terms of this protective order shall bear the burden of persuasion.

**VII.  Survival of Confidentiality.**

After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

**VIII.  Return, Destruction And Retention Of Protected Information.**

Within thirty (30) days of termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents.  The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

**IX.  Other Rights of the Parties and Attorneys.**

This Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall the Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

By Order of the Court, effective 08-28-12.

/s/ Michael F. Urbanski
-------------------------
U.S. District Court Judge

Seen and Agreed:

**SHPOONKLE LLC, SHPOONKLE CLE LLC, ROBERT G. NIZNIK, AND DANI MORGAN**

_____/s/_____
Charles M. Allen (VSB # 30183)
Matthew T. Kitces (VSB # 78696)
William F. Demarest, III (VSB # 78428)
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060
(804) 346-0600 (Telephone)
(804) 346-5954 (Fax)
callen@goodmanallen.com
mkitces@goodmanallen.com
wdemarest@goodmanallen.com
*Attorneys for the Defendants Shpoonkle LLC, Shpoonkle CLE LLC, Robert G. Niznik, and Dani Morgan*


**DEAN BREZACK, T/A ABN STUDY PARTNER**

_____/s/ John D. Dellinger_____
John D. Dellinger, Virginia Bar No. 48223
Mainspring Law, PLLC
3702 Lyons Lane
Alexandria, Virginia 22302
Telephone: (703) 362-0828
Email: jdellinger@mainspringlaw.com
*Attorney for Plaintiff*